# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | | |
|---|---|---|
| **VOLVO TRADEMARK HOLDING AKTIEBOLAGET**, a Swedish corporation; **VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC.**, a Delaware corporation; and **CHAMPION ROAD MACHINERY LIMITED**, a Canadian corporation, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL NO. 1:00CV238 |
| **CLM EQUIPMENT COMPANY, INC.**, a Texas corporation; **FUTURE EQUIPMENT COMPANY, INC.**, a Texas corporation; and **CLARK MACHINERY COMPANY**, an Arkansas corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| **CLM EQUIPMENT COMPANY, INC.**, a Texas corporation; **FUTURE EQUIPMENT COMPANY, INC.**, a Texas corporation; and **CLARK MACHINERY COMPANY**, an Arkansas corporation, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |

|                                                              |   |                      |
|--------------------------------------------------------------|---|----------------------|
| v.                                                           | ) |                      |
|                                                              | ) | **CIVIL NO. 1:00CV232** |
| **VOLVO TRADEMARK HOLDING AKTIEBOLAGET**, a Swedish corporation; **VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC.**, a Delaware corporation; and **CHAMPION ROAD MACHINERY LIMITED**, a Canadian corporation, | ))))))))) |   |
|                                                              | ) |                      |
| **Defendants.**                                              | ) |                      |
| _____                               | ) |                      |

**THIS MATTER** is before the Court on Clark Machinery Company's ("Clark") Motion for a New Trial, and the opposition thereto of Volvo Construction Equipment North America, Inc. and Champion Road Machinery Limited (collectively "Volvo").

## I. BACKGROUND

This history of this case, which began over six years ago, is detailed in the previous decisions of this Court and the Fourth Circuit Court of Appeals. **See, *Volvo Trademark Holding Aktiebolaget v. AIS Constr. Equip. Corp.*, 416 F.Supp.2d 404 (W.D.N.C. 2006); *Volvo Trademark Holding Aktiebolaget v. AIS Constr. Equip. Corp.*, 236 F.Supp.2d 536

**(W.D.N.C. 2002),** *aff'd in part, vacated in part and remanded*, **386 F.3d 581 (4th Cir. 2004).** Therefore, only those facts relevant to Clark's instant motion for a new trial will be recited here.

In a February 2006 Memorandum and Order, this Court granted partial summary judgment in favor of Clark. **See,** *Volvo*, **416 F.Supp.2d at 417.** The Court found, *inter alia*, (1) that "good cause" for franchise termination under the Arkansas Franchise Practices Act ("AFPA") is limited to the eight occurrences specifically provided therein; (2) that Volvo, which admittedly did not terminate Clark's franchise for any of the reasons provided in the Act, did not have "good cause" for terminating the franchise; (3) that partial summary judgment in favor of Clark was appropriate; and (4) that the disputed factual issues of "the existence (and extent) of damages and proximate causation" would be tried to a jury. ***Id.,*** **at 411-12, 417; Ark. Code Ann. § 4-72-202(7);** *see also*, **Ark. Model Jury Instr., Civil AMI 2800 (2006 ed.).**

Pursuant to an order of the Court, the parties filed their proposed jury instructions on July 6, 2006. After reviewing Volvo's proposed instructions and issue brief, Clark filed a set of revised proposed jury instructions on July 7, 2006, proposing one new instruction concerning "good cause."

**Clark's Revised Proposed Jury Instructions, filed July 7, 2006, at 2; Clark's Memorandum of Law in Support of the Motion for a New Trial ("Clark's Memorandum"), filed July 28, 2006, at 3.** On Saturday, July 8, 2006, Clark submitted an issue brief proposing yet another new instruction. **See, Clark's Issue Brief, filed July 8, 2006, at 4.** Clark renewed its argument regarding these instructions and the positions raised therein both before trial and by objecting during trial. **See, Clark's Memorandum.** Finally, "[a]t the close of evidence, and during the charge conference, Clark reiterated its request that this Court instruct the jury that Volvo had violated the AFPA when it re-branded the motor graders and rationalized its dealership network, and that the AFPA required Volvo to provide fair compensation to Clark for the value of what Volvo took from Clark when Volvo violated the AFPA." *Id.*, **at 4.** The Court declined to give the requested instructions.

Four issues were presented to the jury: (1) did Clark suffer actual damages; (2) if so, were Clark's damages proximately caused by the termination of the dealership agreement without good cause; (3) if so, what amount of damages will reasonably and fairly compensate Clark for the actual damages sustained; and (4) should the amount of such damages be

reduced as a result of any failure by Clark to mitigate its damages. **See, Transcript of Trial Proceedings, Vol. III, filed July 26, 2006, at 554-57.** After deliberations, the jury returned a verdict in favor of Volvo, answering the first issue "no." **See, Jury Verdict, filed July 12, 2006.** Finding that Clark did not suffer actual damages, the jury did not reach the remaining three issues. *Id.*

On July 28, 2006, Clark filed a motion for a new trial asserting three bases for its contention that a new trial is warranted.

> More specifically, Clark respectfully contends that the court erred as a matter of law when the instructions:
>
> • Failed to inform the jury that this Court previously had ruled that Volvo had violated the [AFPA] when it decided to re-brand the motor graders and rationalize its dealership networks; and
>
> • Failed to inform the jury that the AFPA required Volvo to provide fair compensation to Clark for the value of what Volvo took from Clark when Volvo violated the AFPA – that is, the present value of Clark's lost past and future profits that it would have been reasonably expected to obtain had it been allowed to continue as a dealer of Champion's motor graders in its assigned territory so long as it continued to capably perform.
>
> In addition, this Court should grant the motion for a new trial because it erred as a matter of law when it instructed the jury to

consider how Clark mitigated its damages when Volvo failed to meet its burden of producing any evidence that Clark failed to mitigate its damages.

> consider how Clark mitigated its damages when Volvo failed to meet its burden of producing any evidence that Clark failed to mitigate its damages.

**Clark's Memorandum, at 2.** Volvo has filed its memorandum in opposition to Clark's motion, Clark has filed its reply thereto, and this matter is now ripe for disposition. ***See*, Volvo's Opposition to Clark's Motion for a New Trial ("Volvo's Response"), filed August 14, 2006; Clark's Memorandum of Law in Reply to Volvo's Opposition ("Clark's Reply"), filed August 28, 2006.**

## II. STANDARD

Federal Rule of Civil Procedure 59 allows the Court to grant a new trial to any or all parties on any or all of the issues. **Fed. R. Civ. P. 59(a);** ***Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 511 F.2d 839, 845-46 (4th Cir. 1975).** A new trial may be granted on the motion of a party, or *sua sponte* by the Court. **Fed. R. Civ. P. 59(b), (d).** Where the case was tried to a jury, a new trial shall be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[,]" such as: "(1) intervening changes in the law; (2) new evidence

not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice." **Fed. R. Civ. P. 59(a); Douglas v. McCarty, 87 F. App'x 299, 302 (4th Cir. 2003) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)).**

A new trial may also be based upon the sufficiency of the evidence if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" **Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (quoting Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)).** In addition, a new trial may be based upon the jury instructions given in the case, but only where such instructions are erroneous *and* the error "seriously prejudiced" the complaining party's case. **Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1296 (4th Cir. 1995); see also, Jones v. Griffey, 104 F. App'x 840, 843 (4th Cir. 2004) (new trial based on erroneous jury instruction is only required where "the error seriously prejudiced the challenging party's case").** Finally, the granting or denial of a motion for a new trial under Rule 59(a) "is a matter resting in the sound discretion of the trial judge."

*Wadsworth v. Clindon*, 846 F.2d 265, 266 (4th Cir. 1988) (citing *Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne*, 386 F.2d 193 (4th Cir. 1967)).

### III. ANALYSIS

Clark has asserted three reasons why it believes a new trial should be granted. Each of Clark's assertions relate to the jury instructions given in this case; therefore, Clark must establish both (1) that there was an error of law, and (2) that such error "seriously prejudiced" its case.

### A. Jury Instruction Regarding Mitigation of Damages

Addressing first Clark's assignment of error relating to the mitigation instruction, while the Court does not believe the giving of such instruction was in error,, if there was any error it was clearly harmless and does not warrant a new trial. **See, e.g., Trial Transcript, at 538 (Clark's discussion of mitigation in its closing argument);** *see also*, **Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 386 (W.D.N.C. 1997) (error in jury instruction only warrants new trial where failure to grant new trial would be "'inconsistent with**

**substantial justice'" (citation omitted)).** The jury in this case only reached and answered the first issue presented, finding that Clark failed to carry its burden of establishing that it suffered actual damages. ***See*, Jury Verdict (finding no damages).** To reach the issue of mitigation, and thereby place the jury instruction regarding mitigation firmly at issue, the jury would have had to (1) find in Clark's favor on the issue of actual damages, (2) find in Clark's favor on the issue of proximate causation, and (3) set an amount of damages to compensate Clark for such damages. Then, and only then, would the jury have considered the issue of whether such amount should be reduced due to a failure by Clark to "use ordinary care to minimize existing damages and to prevent or avoid further damages." **Exhibit F, Jury Instructions, *attached to* Clark's Memorandum, at 25 ("Duty to Mitigate Damages").**

Because the jury never reached the issue of mitigation, any error in the Court's instructions on such issue was clearly harmless. The Court, therefore, rejects Clark's Rule 59 motion to the extent it is based upon the Court's instructing the jury on the issue of mitigation. ***See, e.g., Hardin*, 50 F.3d at 1295-96 ("At any rate, an objection by plaintiff to extraneous material on assumption of risk was largely moot because the jury**

never reached that issue, but rather decided the threshold question that defendant had not been negligent."); *see also*, *Vanwyk Textile Sys., B.V.*, *supra*; *Jones,* 104 F. App'x at 844.

**B. Failure to Instruct on Re-branding and Dealer Rationalization**

Clark next argues that a new trial is warranted because the Court "[f]ailed to inform the jury that [it] previously had ruled that Volvo had violated the [AFPA] when it decided to re-brand the motor graders and rationalize its dealership networks." **Clark's Memorandum, at 2, 4 ("Clark reiterated its request that this Court instruct the jury that Volvo had violated the AFPA when it re-branded the motor graders and rationalized its dealership network[.]"), 7 ("the Court's instructions allowed Volvo to argue that its unlawful actions – including its 'without cause' termination, re-branding, and dealer rationalization . . ."), and 12 ("this Court's ruling that Volvo's decisions to terminate the Dealership Agreement without cause, re-brand and "Volvoize" the motor graders, and rationalize the dealership network did, in fact, violate the AFPA . . ."); Clark's Reply, at 19 ("[The jury instructions] allowed Volvo to present evidence and**

**argue that the very actions that this Court previously had concluded had violated the AFPA precluded a finding of any damages.").** The Court also rejects this basis for a new trial.

Clark argues strenuously in both its motion for a new trial and its reply memorandum that the Court's instructions to the jury were erroneous because "they allowed Volvo to present evidence and argue that the very actions that this Court previously had concluded had violated the AFPA precluded a finding of any damages." **Clark's Reply, at 19.** However, this Court has never ruled that "Volvoization" or "dealer rationalization" violated the AFPA, and the reason such finding never occurred is very simple – no provision of the Act prohibits such actions. The Act prohibits a termination without "good cause," no more and no less.[1] **Ark. Code Ann. § 4-72-204(a)(1).** Certainly, as Clark has noted, Volvo argued to this Court at summary judgment that "Volvoization" and "dealer rationalization" should constitute "good cause" for terminating Clark's franchise, and the Court rejected the argument. **See, Volvo, 416 F.Supp.2d at 417.** However, a determination that a certain action does not constitute "good cause" does

---

[1] Quite obviously the Act speaks to other conduct, but insofar as this case is concerned, only the "without good cause" termination provision is at issue.

not equal a determination that the action *itself* violates the statute; the statutory violation is the act of termination. **Ark. Code Ann. § 4-72-204(a)(1).** Accepting Clark's argument that the jury should have been informed that Volvo violated the AFPA by "re-brand[ing] the motor graders and rationaliz[ing] its dealership networks" would have required this Court to provide the jury with a misstatement of Arkansas law. **Clark's Memorandum, at 2; Ark. Code Ann. § 4-72-204(a)(1) ("It shall be a violation of this subchapter for a franchisor to: Terminate or cancel a franchise without good cause"); Ark. Model Jury Instr., Civil AMI 2800 (2006 ed.).**

"[T]he content of jury instructions in a diversity case is a matter of state law[.]" *Hardin*, 50 F.3d at 1293; *see also*, *Jones*, **104 F. App'x at 843 (same).** Here, the Court provided the jury with instructions corresponding to the language of the AFPA, as well as to the Arkansas Model Jury Instruction specifically drafted for cases involving franchise terminations under that statute. **See, Ark. Code Ann. § 4-72-204(a)(1); Ark. Model Jury Instr., Civil AMI 2800 (2006 ed.).** The Court does not believe that its decision to follow "some form," as Clark refers to it, constitutes error requiring a new trial where that "form" is a model jury

instruction designed (1) "to make jury instructions objective, rather than partisan, statements[,]" and (2) "to provide a uniform set of instructions that any trial court can use in any trial to avoid confusing jurors." ***Vangilder v. Faulk***, 244 Ark. 688, 693, 426 S.W.2d 821, 825 (1968); ***Conley v. State***, 270 Ark. 886, 889, 607 S.W.2d 328, 330 (1980); *see also*, **Clark's Reply, at 20** (referring to the Arkansas Model Jury Instruction as "some form").

### C. Failure to Provide Clark's Proposed "Fair Compensation" Instruction

Clark's final argument is that a new trial must be granted because error was committed when the Court

> [f]ailed to inform the jury that the AFPA required Volvo to provide fair compensation to Clark for the value of what Volvo took from Clark when Volvo violated the AFPA – that is, the present value of Clark's lost past and future profits that it would have been reasonably expected to obtain had it been allowed to continue as a dealer of Champion's motor graders in its assigned territory so long as it continued to capably perform.

**Clark's Memorandum, at 2.** As with the previous argument, the Court's instructions conformed to the applicable substantive law, the applicable Model Jury Instruction adopted by the Arkansas courts, and the case law applying the substantive law. **See, Ark. Code Ann. § 4-72-208(b); Ark.**

**Model Jury Instr., Civil AMI 2800 (2006 ed.);** *Trane Co. v. Miller Eng'g, Inc.*, 1987 WL 19735, at *3 (Ark. App. 1987) ("[T]he correct measure of damages is loss of the profits appellees were reasonably certain to have made had the contract not been terminated.").

Furthermore, while not utilizing the exact language preferred by Clark, the Court's instructions to the jury on such matter were substantially in accord with Clark's request.

> Now, the question of whether the dealership agreement was terminated or whether such termination violated the Franchise Practices Act is not before you. That decision has been made. Your sole function in this trial is to determine what amount of damages, if any, Clark is entitled to receive as a result of that termination.
>
>       *             *            *
>
> The [AFPA] provides that a party who is harmed by the termination of a dealership agreement in violation of the Act is entitled recover the actual damages sustained as a result of that termination.
>
>       *             *            *
>
> If you return a verdict for Clark, then you must fix the amount of money that will reasonably and fairly compensate Clark for the actual damages sustained. That amount is fixed by determining the value of any profits lost by Clark and the present value of any profits reasonably certain to be lost by Clark in the future.

**Trial Transcript, Vol. III, at 553-54, 556.** The mere fact that the requested instruction did not occur in one continuous statement using the *exact* terminology preferred by Clark does not render the jury instructions so

erroneous as to require a new trial. Taken as a whole, the jury instructions adequately stated and informed the jury of the controlling law, and a new trial is not warranted. **Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 869 (4th Cir. 1999) ("The applicable standard is whether the jury charge, as a whole, adequately states the controlling law.").**

Finally, as to Clark's assertions regarding (1) the "Volvoization" and "dealer rationalization" instruction, and (2) the "fair compensation" instruction, whatever error may have occurred in the Court's failure to use the exact language requested by Clark was more than adequately tempered by Clark's address of the issues in its closing argument, which included the following:

> I would think a question that you might have, and you've possibly answered it by now, but certainly an important question in this case is why did Volvo act to terminate Cliff Furcron, Odell Pfeiffer and their business? Why did they do it? Was it just – you know, normally, they're not doing the job. That makes sense, and that's what my clients understood. If they aren't doing the job, they can be terminated. But Volvo conceded that's not the reason. They were doing the job.
>
> Well, the reason they were terminated, and I think the evidence is pretty darn consistent under the more-likely-than-not standard – the reason they were terminated is because Volvo decided, you know, we want to take this Champion line, re-brand it Volvo, and move the Champion line over to our Volvo dealers and make them full-line dealers and leave the Champion folks in the dust. . . .

A related question I would have as we get into what's the reason for the termination, it isn't really the law that Volvo can act to terminate when they've got a statutory obligation under the contract to not end their relationship so long as our clients are doing their job capably performing, or if they want to, they have business reasons to do so, then pay them fair value for what they took.

Can they do this termination to effect Volvoization and dealer rationalization and then, by saying, well, we changed the trademark, we don't have to pay you anything, we can get around the Arkansas act?

Not having a product to sell, no damages, Mr. Fisher says. Is that the law? The Judge will be giving you the jury instructions. There will be no instruction like that. Mr. Fisher and his clients wish that was the law.

\*        \*        \*

Well, once they were sued, they decided they needed to assert their rights under the Arkansas Franchise Act, and those rights are that Volvoization is not good cause under the Arkansas Franchise Act. Neither is dealer rationalization or terminating a product line. If you act to terminate a dealer when that dealer is still performing, you've got to pay that dealer for the value of what you took from him. You can't avoid damages by taking the line away. You've got to figure out what would that dealer have made had we honored our commitments and paid fair compensation for that violation.

The bet has been lost, in part. The Court has already said to Mr. Lockerby and his client you lost the bet with respect to arguing that Volvoization, dealer rationalization, eliminating the Champion name gets you out of any exposure under the Arkansas Franchise Act. The Court has found it violated the act. Now it's up to you folks to decide what's the damages, since they made a business decision. And they had their reasons, but they shouldn't be made at the expense of my

clients.  Now they have to pay on that bet and pay the clients the value of what they took from them.  That was their right, to continue to earn a living as motor grader dealers so long as they capably performed.

**Trial Transcript, Vol. II, filed July 26, 2006, 532-33, 534-35;** *see also*, *Vanwyk Trextile Sys., B.V.*, **994 F. Supp. at 386 (Court must consider the record as a whole).**

The Court has carefully considered each of the bases for a new trial presented by Clark Machinery Company and finds no error warranting a new trial in this matter.  The motion for a new trial will, therefore, be denied.

## V.  ORDER

**IT IS, THEREFORE, ORDERED** that Clark Machinery Company's Motion for a New Trial is hereby **DENIED**.

Signed: September 8, 2006

Lacy H. Thornburg
United States District Judge