# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

VOLVO TRADEMARK HOLDING )
AKTIEBOLAGET, a Swedish )
corporation; VOLVO )
CONSTRUCTION EQUIPMENT )
NORTH AMERICA, INC., a )
Delaware corporation; and )
CHAMPION ROAD MACHINERY )
LIMITED, a Canadian )
corporation, )
                   )
          Plaintiffs, )
                   )
           v.           )      CIVIL NO. 1:00CV238
                   )
CLM EQUIPMENT COMPANY, )
INC., a Texas corporation; )
FUTURE EQUIPMENT )
COMPANY, INC., a Texas )
corporation; and CLARK )
MACHINERY COMPANY, an )
Arkansas corporation, )
                   )
          Defendants. )
_____ )
                   )
CLM EQUIPMENT COMPANY, )
INC., a Texas corporation; )
FUTURE EQUIPMENT )
COMPANY, INC., a Texas )
corporation; and CLARK )
MACHINERY COMPANY, an )
Arkansas corporation, )
                   )
          Plaintiffs, )

|  |  |  |
|---|---|---|
| **v.** | ) | |
| | ) | |
| | ) | **CIVIL NO. 1:0/ CV232** |
| **VOLVO TRADEMARK HOLDING** | ) | |
| **AKTIEBOLAGET, a Swedish** | ) | |
| **corporation; VOLVO** | ) | |
| **CONSTRUCTION EQUIPMENT** | ) | |
| **NORTH AMERICA, INC., a** | ) | |
| **Delaware corporation; and** | ) | |
| **CHAMPION ROAD MACHINERY** | ) | |
| **LIMITED, a Canadian** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on the motion of Clark Machinery

Limited ("Clark") for reasonable attorney's fees following a jury trial which

found Clark was not entitled to actual damages resulting from Volvo

Construction Equipment North America's ("Volvo CE") and Champion Road

Machinery Limited's ("Champion") (collectively "Volvo") termination of

business with Clark.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case has been the subject of two written opinions by this Court,

and one opinion by the Fourth Circuit Court of Appeals, all of which have

extensively covered the factual background of this case. *Volvo Trademark Holding Aktiebolaget v. CLM Equip. Co., Inc.*, 236 F.Supp.2d 536 (W.D.N.C. 2002), *aff'd in part, vacated in part, and remanded*, 386 F.3d 581 (4th Cir. 2004); *Trademark Holding Aktiebolaget v. AIS Const. Equip. Corp.*, 416 F.Supp.2d 404 (W.D.N.C. 2006). Therefore, only the pertinent facts relating to the issue currently before the Court will be recited.

In 1997, Volvo CE purchased Champion, a Canadian corporation specializing in the manufacture of large earth-moving motor graders. *Volvo*, 236 F.Supp.2d at 540. After purchasing Champion, Volvo chose to terminate the contracts Champion previously had entered with a number of dealers who sold Champion's motor graders. *Id.* at 541. Amongst these dealers was Clark, an Arkansas corporation. *Id.* Amidst a flurry of litigation beginning in 2000, this Court issued an opinion in 2002 granting partial judgment to Volvo on the pleadings, stating Volvo had the ability to terminate all of Champion's contracts with the dealers because the contracts allowed cancellation without cause. *Id.* at 545-46. The Fourth Circuit agreed with this Court's decision as to all but one of the dealers – Clark, an Arkansas corporation, was protected by the Arkansas Franchise

Practices Act ("the AFPA"), Ark. Code Ann. § 4-72-201-210 (1977), which states a franchisor cannot terminate a contract with a franchisee without good cause. *Volvo*, **386 F.3d at 610; Ark. Code Ann. § 4-72-204(a).**

On remand, the Fourth Circuit directed this Court to determine if Volvo violated the AFPA by failing to terminate the contract with Clark without good cause. *Volvo*, **386 F.3d at 611.** This Court concluded Volvo did not have good cause to terminate Champion's prior contract with Clark, and the case between Volvo and Clark proceeded to trial. *Volvo*, **416 F.Supp.2d at 417.** On July 12, 2006, a jury found Clark did not suffer actual damages as a result of Volvo's termination of the prior contract. Clark now moves for this Court to award reasonable attorney's fees under § 4-72-208(b) of the AFPA against Volvo. Both parties have briefed their respective positions, and the issue is now ripe for ruling.

## II. STANDARD OF REVIEW

It is the duty of this Court to apply state law interpreted by the state's highest court, rather than its own interpretation, when sitting in diversity. *Erie R.R. Co. v. Tompkins*, **304 U.S. 64, 78 (1938).** Because the Arkansas Supreme Court has not specifically addressed the issue now

pending before this Court, a determination must be made as to "what the highest state court would probably hold were it called upon to decide the issue." *Kent Jenkins Sales, Inc. v. Angelo Bros. Co.*, 804 F.2d 482, 487 (8th Cir. 1986); *see also, Private Mortg. Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.*, 296 F.3d 308, 312 (4th Cir. 2002) ("[I]n a situation where the [state's highest court] has spoken neither directly nor indirectly on the particular issue before us, we are called upon to predict how that court would rule if presented with the issue.").

## III. ANALYSIS

The subsection of the AFPA at issue in the present dispute states:

> Any franchisee who is harmed by a violation of any other section of this subchapter shall be entitled to recover actual damages in a civil action and, where appropriate, obtain injunctive relief in addition to reasonable attorney's fees and costs of litigation.

Ark. Code Ann. § 4-72-208(b) (1977). If possible, a court "must still apply [the AFPA's] provisions according to their plain meaning." *Stockton v. Sentry Ins.*, 337 Ark. 507, 512, 989 S.W.2d 914, 917 (1999).

Both parties offer opposite interpretations of the pertinent subsection of the AFPA allowing attorney's fees, which the Court will discuss in turn.

To begin, Volvo's interpretation of the subsection focuses on the phrase "any franchisee who is *harmed*[.]" **Ark. Code Ann. § 4-72-208(b) (emphasis added).** According to Volvo, because Clark failed to prove actual damages at trial, Clark is not a "harmed" franchisee and, therefore, is not entitled to recover any attorney fees. However, no where in § 4-72-208(b) did the Arkansas legislature state that a harmed franchisee is limited to one that can prove actual damages. The word "harm" is defined as "[i]njury, loss, or detriment." **Black's Law Dictionary 722 (7th Ed. 1999).** Therefore, looking to the plain meaning of the statute, designation as a harmed franchisee is not limited to those franchisees who successfully prove actual damages.

Clark, on the other hand, contends this Court's finding of a violation of the AFPA by Volvo automatically requires the Court to award its documented attorney's fees in the amount of $229,351.02. Such an interpretation of the AFPA is clearly contrary to the statute's plain meaning. Clark's interpretation would re-write the statute by eliminating the requirement of a party seeking attorney's fees to prove itself "harmed" by the violation of the AFPA. However, nothing in the statute suggests that a violation of the AFPA is *per se* "harm" and automatically entitles a party to

a blank check for "reasonable attorney's fees." Rather, a party must still prove it was harmed (*i.e.*, it suffered injury, loss, or detriment) by the violation in order to be entitled to any of the three remedies mentioned in the statute.

In rejecting both parties' interpretations of the AFPA, this Court finds the AFPA does not expressly limit a "harmed" franchisee to be one that recovers actual damages, nor does the statute require the award of attorney's fees upon proving a mere violation of the AFPA. Instead, a party seeking damages or attorney's fees under the AFPA must demonstrate the harm suffered to receive the statute's expressed remedies.

In the present case, Clark previously failed to prove harm resulting from Volvo's violation of the AFPA during a civil action, as evidenced by the jury's refusal to award actual damages. Similarly, Clark has not shown the Court through this motion how it was harmed by Volvo's violation of the AFPA. Clark's memoranda painstakingly detail the attorney's fees spent in litigation with Volvo, yet Clark does not explain how it has suffered injury, loss, or detriment as a result of Volvo's violation of the AFPA. Instead, Clark relies solely on this Court's earlier finding of a violation as its grounds for being "harmed" under the statute. As stated above, the plain meaning

of the AFPA does not allow a party to recover due to a violation of the statute; the party must prove harm resulting from the violation. Accordingly, because Clark has failed to carry the burden of establishing its harm resulting from Volvo's violation of the AFPA, Clark is not entitled to attorney's fees.

Even were this Court to hold Clark was a "harmed" franchisee under the AFPA, Clark would still not be entitled to attorney's fees. To begin, the AFPA specifically states a franchisee harmed under the AFPA is entitled to recover actual damages and "*where appropriate*, obtain injunctive relief in addition to reasonable attorney's fees and costs of litigation." **Ark. Code Ann. § 4-72-208(b) (emphasis added).** The phrase "where appropriate" signals a legislative intent to leave the subsequent listed remedies to the discretion of the court. Further, the placement of the phrase "where appropriate" in the statute is before three remedies traditionally left to the discretion of the court – injunctive relief, reasonable attorney's fees and costs of litigation. Thus, the plain meaning of the statute expresses an intent to leave the award of attorney's fees to the sound discretion of the trial court.

As noted by the Court in its previous order, the guide in determining

what shall be considered "reasonable attorney's fees" is found in *South

Beach Beverage Co., Inc. v. Harris Brands, Inc.*, 355 Ark. 347, 138 S.W.3d

102 (2003), and the cases cited therein. **Volvo, 416 F.Supp.2d at 417.** In

*Harris Brands, Inc.*, the Arkansas Supreme Court relied upon its precedent

to compile the following list of factors for consideration in evaluating the

reasonableness of an award for attorney's fees under the AFPA:

> 1) the experience and ability of counsel;
> 2) the time and labor required to perform the legal service properly;
> 3) the amount involved in the case and the results obtained;
> 4) the novelty and difficulty of the issues involved;
> 5) the fee customarily charged in the locality for similar services;
> 6) whether the fee is fixed or contingent;
> 7) the time limitations imposed upon the client or by the circumstances; and
> 8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

**Harris Brands, Inc., 355 Ark. at 356, 138 S.W.3d at 108 (citing Lake

View Sch. Dist. No. 25 v. Huckabee, 351 Ark. 31, 95, 91 S.W.3d 472,

510 (2002); Chrisco v. Sun Indus., Inc., 304 Ark. 227, 800 S.W.2d 717

(1990)).** Though not determinative, Clark's failure to prove actual damages

at trial heavily factors into this Court's determination of reasonable attorney

fees under the AFPA. As stated above, "the amount involved in the case and the results obtained" is expressly noted by the Arkansas Supreme Court as a factor to consider in analyzing the reasonableness of claimed attorney's fees. **Harris Brands, Inc., 355 Ark. at 356, 138 S.W.3d at 108.** Additionally, the Fourth Circuit has stated,

> "Where recovery of private damages is the purpose of . . . litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Moreover, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Accordingly, if "a plaintiff recovers only nominal damages . . . the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115. Finally, and most importantly, when a district court determines what fee is reasonable, the "most critical factor" in that determination "is the degree of success obtained." *Hensley*, at 436.

**Doe v. Chao, 435 F.3d 492, 505 (4th Cir. 2006).** As Clark's primary purpose of litigation was the recovery of damages, this Court believes that even if Clark had carried its burden of proving harm suffered as a result of Volvo's violation of the AFPA, the fact that the jury awarded no actual damages would lead this Court to award "the only reasonable fee [of] no fee at all." **Farrar, supra.**

Accordingly, because Clark has failed to establish that it is a "harmed" franchisee under the AFPA, and because the jury's refusal to award actual damages results in "the only reasonable fee [of] no fee at all," this Court finds Clark is not entitled to an award of attorney's fees. *Id.*

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Clark's motion for reasonable attorney's fees is hereby **DENIED**.

Signed: October 2, 2006

Lacy H. Thornburg
United States District Judge