IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| VOLVO TRADEMARK HOLDING AKTIEBOLAGET, a Swedish corporation; VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., a Delaware corporation; and CHAMPION ROAD MACHINERY LIMITED, a Canadian corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )   CIVIL NO. 1:00CV238 |
| CLM EQUIPMENT COMPANY, INC., a Texas corporation; FUTURE EQUIPMENT COMPANY, INC., a Texas corporation; and CLARK MACHINERY COMPANY, an Arkansas corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| _____ | ) |
| CLM EQUIPMENT COMPANY, INC., a Texas corporation; FUTURE EQUIPMENT COMPANY, INC., a Texas corporation; and CLARK MACHINERY COMPANY, an Arkansas corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |

|  |  |
|---|---|
| v. | ) |
|  | ) CIVIL NO. 1:01CV232 |
| **VOLVO TRADEMARK HOLDING AKTIEBOLAGET**, a Swedish corporation; **VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC.**, a Delaware corporation; and **CHAMPION ROAD MACHINERY LIMITED**, a Canadian corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**THESE MATTERS** are before the Court on a motion for reconsideration of the Clerk's Taxation of Costs filed by Volvo Construction Equipment North America, Inc., and Champion Road Machinery Limited (collectively "Volvo"), and the opposition thereto filed by Clark Machinery Company ("Clark"). For the reasons stated herein, the Clerk's Taxation of Costs is affirmed.

## I. BACKGROUND

The history of this case, which began over seven years ago, has been set out at length in prior decisions of this Court and the Fourth Circuit

Court of Appeals. ***Volvo Trademark Holding Aktiebolaget v. CLM Equip. Co., Inc.*, 236 F. Supp. 2d 536 (W.D.N.C. 2002), *aff'd in part, vacated in part, and remanded,* 386 F.3d 581 (4th Cir. 2004)**; ***Volvo Trademark Holding Aktiebolaget v. AIS Const. Equip. Corp.*, 416 F. Supp. 2d 404 (W.D.N.C. 2006).** In 2004, The Fourth Circuit "remanded Clark's statutory claim (in the Arkansas Litigation) and its statutory counterclaim (in the North Carolina Litigation) for [this Court's] assessment of whether, pursuant to the Arkansas Act, Volvo terminated Clark's Dealer Agreement without good cause." ***Volvo*, 386 F.3d at 611.** On remand, this Court granted Clark's motion for summary judgment on its claims under the Arkansas Act after concluding that the Dealer Agreement had been terminated by Volvo without good cause. **See *Volvo Trademark Holding*, supra.** Thereafter, a jury trial was scheduled on the issue of damages.

Following presentation of evidence, the jury returned a verdict finding that Clark had suffered no actual damages as a result of Volvo's termination of the Dealer Agreement. **See Judgment, filed July 14, 2006.** Thereafter, Clark timely filed motions for a new trial and for attorney fees; both motions were denied. **See Order, filed September 8, 2006 (denying

**motion for new trial); Order, filed October 2, 2006 (denying motion for attorney fees).** Clark appealed the denial of these motions and Volvo cross-appealed this Court's grant of summary judgment regarding the issue of the termination of the Dealer Agreement. On December 20, 2007, the Fourth Circuit affirmed this Court's rulings on Clark's post-trial motions and the granting of summary judgment to Clark. *See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.,* **510 F.3d 474, 477 (4th Cir. 2007).**

On January 3, 2008, Volvo filed a Bill of Costs with the Fourth Circuit. Volvo's request for costs was denied by the Circuit on January 11, 2008, and each party was ordered to bear its own costs in the appeal. On January 22, 2008, Volvo filed a Bill of Costs with the Clerk of this Court. Clark objected to Volvo's request, arguing that Volvo had failed to attach a supporting affidavit from its attorney as required by 28 U.S.C. § 1924. *See* **Clark Machinery Company's Objection to Volvo's Bill of Costs, filed February 5, 2008, at 2.** The Clerk agreed, stating that the Bill of Costs was procedurally defective due to Volvo's failure to file an affidavit as is required by § 1924. **Clerk's Taxation of Costs, filed February 12, 2008, at 4;** *see also* **28 U.S.C. § 1924.** The Clerk further advised that "[e]ither

party may appeal this Taxation of Costs to [this Court] within five (5) days after receipt of this notice of taxation." **Clerk's Taxation of Costs,** *supra*.

Instead of appealing the Clerk's order to this Court, Volvo appealed the Clerk's Taxation of Costs to the Fourth Circuit. *See* **Volvo's Notice of Appeal, filed February 18, 2008.** Contemporaneous with its notice of appeal, Volvo filed an amended Bill of Costs and a supporting affidavit by its attorney. *See* **Amended Bill of Costs, filed February 18, 2008; Affidavit of Michael J. Lockerby, filed February 18, 2008.** Apparently realizing its procedural error, Volvo withdrew its notice of appeal[1] and filed a motion for reconsideration of the Clerk's action by this Court on February 22, 2008. **Volvo's Motion to Reconsider Clerk's Taxation of Costs, filed February 22, 2008.** Clark objected to the amended Bill of Costs, contending that costs should be denied (1) as untimely filed; (2) as being properly denied by the Clerk for failure to attach the affidavit as required by 28 U.S.C. § 1924; or alternatively, (3) the Bill of Costs should be denied on

---

[1] In withdrawing the notice of appeal, Volvo states the notice of appeal was directed to the "District Court rather than the Fourth Circuit[.]" *See* **Volvo's Withdrawal and Amendment of Notice of Appeal of Clerk's Taxation of Costs, filed February 22, 2008.** However, Volvo paid the appellate filing fee of $455.00; there is no filing fee required for filing a motion for reconsideration of a Clerk's order of taxation of costs.

the merits.  **Clark's Memorandum in Response to Volvo's Motion, filed March 10, 2008.**  The time for filing replies having expired, this matter is ripe for decision.

## II.  DISCUSSION

A party requesting a review of the Clerk's adverse ruling on a bill of costs may file a motion with the district court within five days after the Clerk's order is entered.  **See Fed. R. Civ. P. 54(d)(1); LCvR 54.1(E).**  The Clerk entered his order denying Volvo's Bill of Costs on procedural grounds on February 12, 2008.  As stated above, Volvo filed its amended Bill of Costs and supporting affidavit along with its notice of appeal on February 18, 2008.  Volvo then withdrew and amended its notice of appeal on February 22, 2008, and clarified that it was indeed requesting reconsideration of the Clerk's denial of its Bill of Costs by this Court.  **Withdrawal and Amendment of Notice of Appeal,** *supra***; Motion to Reconsider,** *supra.*

In objecting to Volvo's motion to reconsider, Clark contends the motion should have been filed by February 19, 2008, and, because it was not filed until February 22, 2008, it is untimely and should be denied.

**Clark's Memorandum, at 5 (citing Fed. R. Civ. P. 54(d)(1) and LCvR 54.1(E)).**

Rule 6(a) governs how time periods are computed.

(a) Computing Time. The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
  (1) Day of the Event Excluded. Exclude the day of the act, event, or default that begins the period.
  (2) Exclusions from Brief Periods. Exclude intermediate Saturdays, Sundays, and legal holidays *when the period is less than 11 days*.
  (3) Last Day. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or – if the act to be done is filing a paper in court – a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.
  (4) "Legal Holiday" Defined. As used in these rules, "legal holiday" means:
    (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day; and
    (B) any other day declared a holiday by the President, Congress, or the state where the district court is located.

**Fed. R. Civ. P. 6(a) (emphasis added);** *see also* **Administrative Procedures Governing Filing and Service by Electronic Means, Local Rules of Civil Procedure, at Appendix D, § I A(6) ("Rule 6 of the Federal Rules of Civil Procedure shall govern the computation of time under these procedures.").**[2] The Rules also provide that when a party must "act within a specified time after service and service is made under Rule [5(b)(2)(E)], 3 days are added after the period would otherwise expire under Rule 6(a)." **Fed. R. Civ. P. 6(d).** Eliminating the intervening Saturday, Sunday, and the Presidents' Day legal holiday on February 18, Volvo had to and including February 25, 2008, to file its motion to reconsider. Therefore, Volvo's motion was timely filed on February 22, 2008.

Clark argues that even if the Court should find the motion timely filed, the Clerk's decision should be affirmed due to Volvo's failure to file an affidavit as required by 28 U.S.C. § 1924. **Clark's Memorandum**, **at 8-9.**

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having

---

[2] The Administrative Procedures are also accessible by hyperlink in the on-line version. *See* http://www.ncwd.uscourts.gov/Documents/LocalRules.pdf.

> knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

**28 U.S.C. § 1924.** The Clerk found that "Volvo's Bill of Costs is procedurally defective because Volvo's attorney failed to attach an affidavit supporting Volvo's Bill of Costs" and concluded that this failure was a fatal defect. **Clerk's Taxation of Costs, at 2, 4**. Clark argues that Volvo's Amended Bill of Costs and affidavit of counsel should not be considered by the Court in any review of the Clerk's order; instead, the Court's review should be "limited to the record that existed at the time [the order] was issued." **Clark's Memorandum, at 8.**

Upon motion by any party, this Court "may review the clerk's action" in granting or denying costs. **Fed. R. Civ. P. 54(d).** The Local Rules provide that the "Court's review of the Clerk of Court's action will be made *on the existing record unless otherwise ordered.*" **LCvR 54.1(E) (emphasis added)**. Therefore, the Court's review will be limited to the record before the Clerk.[3] In Volvo's Bill of Costs filed on January 22, 2008,

---

[3] The record before the Clerk included Volvo's Bill of Costs and Clark's Objection thereto.

Volvo's attorney, Michael J. Lockerby, signed the Declaration therein which stated:

> I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

**Volvo's Bill of Costs, at 1.** However, the Clerk correctly concluded that "this Declaration is not intended to be a substitute for an affidavit." **Clerk's Taxation of Costs, at 3**. The plain language of § 1924 makes clear that a party filing for costs for an item before the Clerk "shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case." The Clerk found that the "procedure set forth in Section 1924 is more than mere formalism. Failure to provide a proper affidavit bars the taxation of costs." *Id*. **(citing *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209 (7th Cir. 1975)).**

Volvo states in the motion to reconsider that its attorneys referred to this Court's Bill of Costs Handbook which states in part:

> Forms may be obtained from the Office of the Clerk's website at www. ncwd or the sample found in this handbook may be used. The form contains the necessary affidavit.

**Motion to Reconsider, at 2.** Volvo alleges that "[b]ased on the foregoing statement in the Bill of Costs Handbook, Volvo's counsel concluded – incorrectly – that the declaration under penalty of perjury contained in the Bill of Costs Form satisfied the affidavit requirement of 28 U.S.C. § 1924." *Id.* Therefore, by this statement, Volvo concedes they did not file the affidavit as required by the statute and this omission precluded the Clerk from awarding costs in their favor. **See *United States v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990) (interpreting § 1924); *Wahl, supra* (holding it was error for district court to award costs in absence of affidavit filed under 28 U.S.C. § 1924).**

Based on a review of the record before the Clerk, the Court concludes that Volvo's Bill of Costs was properly denied. Accordingly, the Clerk's decision denying costs is affirmed.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Volvo's motion for reconsideration of the Clerk's Taxation of Costs is **ALLOWED;** and such reconsideration having been given,

**IT IS FURTHER ORDERED** that the Clerk's Taxation of Costs denying Volvo's motion for costs is hereby **AFFIRMED.**

Signed: June 26, 2008

Lacy H. Thornburg
United States District Judge